**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

**NOVALYN L. WINFIELD**
BANKRUPTCY JUDGE

February 14, 2013

Scott J. Goldstein, Esq.
Law Offices of Scott J. Goldstein, LLC
3175 Route 10 East, #300C
Denville, NJ 07834

Yonatan Gelblum, Esq.
U.S. Department of Justice – Tax Division
PO Box 227
Washington, DC 20044

        Re:    Daniel C. Sullivan and Melelina Sullivan
                Case No. 12-33337 (NLW)
                **LETTER OPINION**

      This matter is before the court on a motion by the United States of America requesting this court to vacate its orders of October 15, 2012 and October 23 2012. As set forth below, the court grants the motion of the United States of America.

**JURISDICTION**

      This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on September 18, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

Daniel and Melelina Sullivan (collectively "Debtors") filed a voluntary Chapter 13 Petition on September 24, 2012 (the "Petition Date"). The Debtors filed a motion on October 12, 2012 on shortened time seeking to enforce the automatic stay, release levy, and return funds to the Debtors. No opposition was received from the United States of America (the "United States") or its agencies. This court granted the Debtors' motion entering an order on October 15, 2012 directing the Internal Revenue Service to release the levy and return the funds at issue to the Debtors. The Debtors' were also allowed counsel fees in an amount to be determined. On October 23, 2012, this court entered a subsequent order awarding the Debtors attorney's fees and costs in the amount of $2,812.50. This court additionally ordered the Internal Revenue Service and the Social Security administration to pay $269.12 in actual damages.

In December 2012, the United States moved under Fed. R. Civ. P. 60(b)(4) and Fed. R. Bankr. P. 9024 to vacate this court's orders of October 15, 2012 and October 23, 2012 (the "Orders") that imposed damages and attorney's fees pursuant to 11 U.S.C. § 362(k).[1] Federal Rule 60(b)(4), made applicable to bankruptcy cases by bankruptcy Rule 9024, provides that a court may relieve a party from final judgment if "the judgment is void." The United States based its motion on this court's failure to require the debtor to file an adversary proceeding under Bankruptcy Rule 7001(1) and counsel's failure to properly effect service on the United States as required under Bankruptcy Rule 7004. Because the court agrees that service of the motion was not properly made and that it therefore lacked jurisdiction over the United States and its agencies, it concurs that the Orders are void and has vacated the Orders. Further, because the Orders have been vacated for lack of jurisdiction there is no need to reach the issue of whether an

---

[1] Subsequent reference to the Federal Rules of Civil Procedure will be as "Federal Rule" and subsequent reference to the Federal Rules of Bankruptcy Procedure will be as "Bankruptcy Rule."

2

adversary proceeding is required to impose damages under 11 U.S.C. § 362(k).

## DISCUSSION

Among other grounds advocated to vacate the Orders, the United States points out that it was not served consistent with procedures contained in Bankruptcy Rule 7004.[2] Rule 7004(4)(i)(1) outlines service on the United States, and states in pertinent part that:

To serve the United States a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Bankr. P. 7004(4)(i)(1).

This court finds that there was improper service of the Debtors' motion seeking to enforce the automatic stay, release levy, and return funds to the Debtors and the accompanying application to shorten time. The Debtors certificate of service filed on October 9, 2012 reflects service of the motion to the Chapter 13 Trustee, the Debtors, the Office of the United States Trustee in Newark, New Jersey, the Internal Revenue Service in Parsippany, New Jersey, the Internal Revenue Service in Washington D.C., and finally, the Social Security Administration Offices in New Jersey, Maryland, and New York. No service was made on the Attorney General in Washington, D.C., or the civil process clerk for the United States Attorney for the District of

---

[2] The court notes that Bankruptcy Rule 7004 applies not only to adversary proceedings, but also to contested proceedings as provided in bankruptcy Rule 9014.

3

New Jersey. As a result, this court lacked personal jurisdiction over the United States and its agencies, and the Orders are void.

Bankruptcy Courts have vacated prior orders upon a finding of improper service of process on the United States. *See I.R.S. v. Patriot Contracting, Corp.*, No. 06-2133, 2007 WL 433392 (D.N.J. 2007); *In re J.B. Winchells, Inc.*, 106 B.R. 384, 394-395 (Bankr. E.D Pa.1989)(vacating order which had not been properly served on the United States pursuant to Bankruptcy Rule 9014 and the service provisions of Bankruptcy Rule 7004); *In re Laughlin*, 210 B.R. 659 (1st Cir. B.A.P. 1997)(holding that the Trustee's tax abatement motion was a contested proceeding mandating compliance with the service requirements of Bankruptcy rule 7004).

## CONCLUSION

Because there was improper service in this matter, the motion of the United States is granted.

*/s/ Novalyn L. Winfield*
NOVALYN L. WINFIELD
United States Bankruptcy Judge